IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FEDERAL INSURANCE COMPANY,**

    **Plaintiff,**

                              Civil Action 2:17-cv-00135
                              Judge George C. Smith
    v.                        Chief Magistrate Judge Elizabeth P. Deavers

**BENCHMARK BANK,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff Federal Insurance Company's ("Plaintiff") Motion to Strike Benchmark Bank's Primary Expert Disclosure (ECF No 33), Defendant Benchmark Bank's ("Defendant") Response in Opposition (ECF No. 36), Plaintiff's Reply in Support (ECF No. 37), and Defendant's Surreply in Opposition (ECF No. 40). For the following reasons, Plaintiff's Motion is **DENIED**. (ECF No. 33.)

### I. BACKGROUND

On February 13, 2018, the Court issued a Preliminary Pretrial Order ("PPO") (ECF No. 25) containing the deadlines that the parties had recommended to the Court in their Rule 26(f) Report (ECF No. 22). The Court set October 2, 2018 as the deadline for expert disclosures, with December 4, 2018 as the deadline for rebuttal expert disclosures. (ECF No. 25.) The Court also set January 2, 2019 as the discovery deadline and February 1, 2019 as the case-dispositive motion deadline. On September 19, the parties filed a Joint Motion to Extend Expert Report

Deadlines, requesting a new deadline of November 1, 2018.  (ECF No. 30.)  On September 20, 2018, the Court granted the parties' Joint Motion.  (ECF No. 31.)

On November 1, 2018, Defendant submitted primary expert disclosures to Plaintiff designating "a corporate representative of Fiserv, Inc. ("Fiserv") as a potential expert witness who possesses special training, knowledge, expertise, and/or experience such that his or her testimony may be considered to be beyond the understanding of the lay juror."  (ECF No. 33-1.)  Plaintiff filed the subject Motion to Strike on December 1, 2018.  (ECF No. 33.)  Plaintiff asserts that Defendant's disclosure failed to contain the required elements set forth in Federal Rule of Civil Procedure 26(a)(2)(C).[1]  (*Id.*)

Additionally, Plaintiff indicates that Defendant's disclosure "was not timely provided to Federal" but fails to state any Federal Rule associated with this or make any further argument regarding the assertion.  (*See generally id.*)  Given that Plaintiff fails to cite to the proper provision of the Federal Rules on this point, or make any supporting arguments, the Court declines to address the timeliness of Defendant's disclosure at this juncture.  *See Clark v. Brewer*, No. 2:16-cv-13813, 2018 WL 1927384, at *10 (E.D. Mich. April 24, 2018) ("[A party] may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority.").  Plaintiff also requests the Court "not allow [Defendant] to present any expert testimony at trial of this matter for its failure to timely provide a Disclosure that properly conforms to Fed. R. Civ. P. [26](a)(2)(C)."  (ECF No. 33.)  Plaintiff, however, fails to cite to any

---

[1] Plaintiff actually cites to "Fed. R. Civ. P. (a)(2)(C)," leaving out the crucial "26."  (ECF No. 33.)  Based upon reading Plaintiff's Motion to Strike as a whole, it is clear that Federal Rule of Civil Procedure 26(a)(2)(C) is that to which Plaintiff is referring.  (*See generally id.*)  Although Plaintiff fails to include the "26" throughout its entire Motion, it does include the critical identifier of the Rule in its Reply.  (ECF No. 33; ECF No. 37.)

Federal Rule or caselaw that provides support for a Court's authority to grant such a request. Because Plaintiff has failed to set forth this argument in full or provide proper citations for the Court to take up this issue, the Court, therefore, declines to address Plaintiff's request that Defendant not be permitted any expert testimony at trial. *See Clark*, 2018 WL 1927384 at * 10. Similarly, the Court declines to grant Plaintiff's request (improperly put forth in its Reply, rather than its Motion) that Defendant's retained rebuttal expert should be precluded from introducing testimony for the same reason given above—that Plaintiff fails to provide any citation or support for this request. *See id.*

Furthermore, Plaintiff asserts in its Motion that Defendant's disclosure "fails to reveal . . . the name of [Defendant's] expert." (ECF No. 33.) Again, it does not cite to anything in support for this argument. (*See generally id.*) Indeed, Federal Rule of Civil Procedure 26(a)(2)(C), the only Federal Rule to which Plaintiff cites, makes no mention regarding the identity of the witness and at what time that must be provided. Moreover, Defendant explains that at the time of its Response it did not yet know whom Fiserv would designate as its corporate representative, but Defendant stated it would supplement its disclosure pursuant to Rule 26(e) when Fiserv makes the designation. (ECF No. 36, at pg. 2 n.1.) Regardless, because Plaintiff fails again to demonstrate any support for this argument, the Court declines to take up the issue of the propriety of Defendant not identifying a specific person as Fiserv's corporate representative. *See Clark*, 2018 WL 1927384 at * 10. Accordingly, the Court turns to the only remaining argument regarding whether Defendant's disclosure failed to contain the required elements set forth in Federal Rule of Civil Procedure 26(a)(2)(C).

## II. ANALYSIS

Federal Rule of Civil Procedure 26(a)(2)(C) provides:

(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

"The effect of Rule 26(a)(2)(C) is to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." *Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours and Co.*, No. 2:09-cv-1081, 2015 WL 1105840, at *3 (S.D. Ohio March 11, 2015) (internal quotations omitted). "The Advisory Committee's Note provides a persuasive indication that Rule 26(a)(2)(C) is meant to apply only to so-called hybrid witnesses, *i.e.*, fact witnesses who can also provide expert testimony under Federal Rules of Evidence 702, 703, or 705."[2] *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (citation omitted). Here, as Defendant explains, a corporate representative of Fiserv is "a non-retained fact witness who may also provide expert testimony given the subject matter of this dispute." (ECF No. 36.) The Fiserv corporate representative meets this "hybrid" criteria by

---

[2] "The lone example provided in the Advisory Committee's Note references physicians and other health care professionals, who[] are frequently named as experts. . . . This example is particularly apt because of the dual role a physician can play: Treating physicians are both fact witnesses and, by virtue of their education, training and experience, experts." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (internal quotations and citations omitted).

being able to offer facts and opinions "about security procedures generally and industry standard procedures," as well as "Security Procedures it provided to [Defendant]" and "ACH transfers [as well as Security Procedures relevant to those transfers] at issue in this lawsuit." (ECF No. 33-1.) Both specific facts related to the above-captioned case, and expert testimony related to the industry that may be provided by the Fiserv corporate representative, making him or her a "hybrid" witness, are sufficiently outlined in Defendant's primary expert disclosures.

The Advisory Committee's Note also explains that the Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)." *Little Hocking Water Ass'n, Inc.*, 2015 WL 1105840 at *3. Indeed, it provides that courts "must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." *Id.* In short, "Rule 26(a)(2)(C) disclosures must state nothing more than the 'subject matter' and 'a summary of the facts and opinions to which the witness is expected to testify,' and . . . such summaries of facts and opinions do not require 'undue detail,' . . . ." *Id.* at *7; *see also* Fed. R. Civ. P. 26(a)(2)(C) (provided in full above). Defendants primary expert disclosure fulfills these criteria. (*See generally* ECF No. 33-1.) It properly provides the subject matter and a summary of the facts and opinions to which the Fiserv corporate representative is expected to testify:

> Benchmark anticipates that Fiserv may testify regarding the following subject matters pursuant to Federal Rules of Evidence 702, 703, or 705 and about the following:
>
> - Fiserv may offer facts and opinions about security procedures generally and industry standard security procedures during times relevant to this lawsuit.
>
> - Fiserv may offer facts and opinions about the Security Procedures it provided to Benchmark at all times relevant to this lawsuit.

- Fiserv may offer facts and opinions about the ACH transfers at issue in this lawsuit (the "ACH Transfers") and the Security Procedures relevant to the ACH Transfers.

*Id.* Accordingly, the Court finds that Defendants have met the requirements laid out by Federal Rule of Civil Procedure 26(a)(2)(C).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Benchmark Bank's Primary Expert Disclosure is **DENIED**. (ECF No. 33.)

**IT IS SO ORDERED.**


**Date: March 22, 2019**                  */s/ Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **CHIEF UNITED STATES MAGISTRATE JUDGE**